8

United States District Court
Southern District of Texas
FILED

AUG 24 1998

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

UNITED STATES OF AMERICA,  §
    Plaintiff-Respondent,  §
                §
v.  §                  C.A. NO.  B-98-054
                §
DONALD A. WALTERS,  §
    Defendant-Petitioner.  §
                §

## ORDER OF DISMISSAL

      Donald A. Walters, the Petitioner, filed a Motion under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence and a Motion for Leave to File 28 U.S.C. Section 2255 Motion Outside the Period of Limitations. The Petitioner claims (1) his guilty plea was induced by a false promise of a concurrent sentence, thus his plea was not voluntary and violates the 5th Amendment of the Constitution (2) he did not knowingly, intelligently, and voluntarily relinquish his constitutional rights to trial violating the 5th and 14th Amendment of the Constitution and (3) ineffective assistance of counsel. His claims are without merit and further, should be dismissed as time barred.

      On November 22, 1977, Petitioner was sentenced in the Southern District of Texas Corpus Christi Division to serve 20 years under dockets C-77-263 and C-77-209.  On September 9, 1981, Petitioner received an additional 6-month sentence for attempting to escape from federal custody and this sentence was ordered to run consecutive to all other pending sentences.  Later, on March 18, 1982, Petitioner was transferred to state custody, and on October 17, 1983, Petitioner was paroled from his federal sentence.

On November 6, 1984, the Petitioner violated parole and plead guilty to making a false statement in relation to acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6)(counts 1,3) and to receipt of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(h)(1) and 924(a)(count 2). He was sentenced on December 19, 1984 to five years on each count. The judgment was entered on January 9, 1985 and the Petitioner did not appeal. He received a 15-year sentence ordered to run concurrent with any pending Federal cases (C-77-209 and C-77-263). Even though a parole violator warrant had been issued for these cases on July 24, 1984, the parole commission had not yet ordered execution of that warrant. Therefore, the new 15-year sentence and the parole violator term could not run concurrent and could not be aggregated because the parole violator term was not yet in operation. On February 23, 1990, Petitioner was paroled from his 15-year term with 3,515 days remaining and re-paroled in case numbers C-77-209,263 and C-81-40024-01, with 5,233 days remaining to be served on Petitioner's 20-year, 6 month sentence.

According to the Parole Commission, the parole violator warrant issued in 1990 inadvertently, through a clerical error, which showed the number of days remaining on the 1984 sentence as the number of days left to be served (3,515 days). The correct number of days left to be served should have been based on the remainder of petitioner's earlier federal prison sentences, given that he was paroled from the 1984 sentence and reparoled from the earlier sentences, which had more federal time remaining to be served (5233 days).

The Petitioner pursued relief under 28 U.S.C. § 2241 on August 11, 1997 in the U.S. District Court in the Western District of Missouri and that action was denied on April 13, 1998. On April 23, 1998, he filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and a Motion for Leave to File 28 U.S.C. Section Motion Outside the Period of

Limitations. This court hereby adopts the order issued in the U.S. District Court in the Western District of Missouri (attached hereto) and Petitioner's claims are hereby dismissed without merit.

Notwithstanding, the petition should be dismissed because it is time barred. Upon the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and pursuant to Title 28 U.S.C. §2255 a one-year limitation period shall run from the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..... Title 28 U.S.C. § 2255. In this case, Petitioner's conviction became final on January 9, 1985. However, the Fifth Circuit held, under AEDPA, a petitioner has a reasonable amount of time after the April 24, 1996, AEDPA enactment date to start the habeas process. The Fifth Circuit defined a "reasonable amount of time" as one-year beyond April 24, 1996, *United States v. Flores*, 135 F.3d 1000, 1006(5th Cir. 1998). Normally, Petitioner would have had until April 24, 1997, to file a petition seeking a writ of habeas corpus. The Petitioner untimely filed his 28 U.S.C. § 2241 petition on August 11, 1997, and thereafter under Section 2255. His petition was not timely filed because he had until April 24, 1997; therefore, the petition is time barred.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED that the Petitioner's Motion under 28 U.S.C. Section 2255 To Vacate, Set Aside, or Correct Sentence is hereby **DISMISSED** and the Motion for Leave to File 28 U.S.C. Section 2255 Motion Outside the Period of Limitations is hereby **DENIED**.

DONE at Brownsville, Texas this 24th day of August, 1998.

Filemon B. Vela
United States District Judge